## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| ANTHONY LAWLER | : | |
| 408 3rd Street | : | |
| Brookhaven, PA 19015 | : | |
| | : | Civil Action No. _____ |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KYLE STANCIL | : | |
| 271 Ardmore Avenue | : | |
| Lansdowne, PA 19050, AND | : | |
| | : | |
| UNITED STATES POSTAL SERVICE | : | |
| 400 Edgmont Avenue | : | |
| Chester, PA 19013, AND | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |
| U.S. Department of Justice | : | |
| 950 Pennsylvania Avenue, NW | : | |
| Washington, DC 20530-0001, AND | : | |
| | : | |
| DIONNE COBB | : | |
| 408 3rd Street | : | |
| Brookhaven, PA 19015, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1442 and 2679(d), the United States of America

removes this action from the Court of Common Pleas of Delaware County,

Pennsylvania, to the United States District Court for the Eastern District of

Pennsylvania and, in support, avers as follows:

1.      On or about July 21, 2022, plaintiff Anthony Lawler commenced this action by filing a Complaint in the Court of Common Pleas of Delaware County. *See* Complaint, attached hereto as Exhibit A.

2.      The action arises out of a motor vehicle accident. Plaintiff was allegedly a passenger in one of the motor vehicles involved in the accident. The Complaint alleges negligence and carelessness by the defendants.

3.      Defendant Kyle Stancil is an employee of the United States Postal Service who was at all times relevant to the Complaint acting within the scope of his federal employment. The United States Attorney's certification of scope of employment under 28 U.S.C. § 2679(d)(2) is attached hereto as Exhibit B.

4.      The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) and 2679 *et seq.*, is the exclusive remedy for negligence actions brought against any agency of the United States or any federal employee who was acting in their official capacity or within the scope of their employment.

5.      Actions brought under the Federal Tort Claims Act may only be brought in federal district court. 28 U.S.C. § 1346(b)(1).

6.      Therefore, pursuant to Section 2679(d)(2) of the Federal Tort Claims Act, and 28 U.S.C. § 1442(a)(1), this entire action must be removed to district court. Under 28 U.S.C. § 2679(d)(2), the action may be removed any time before trial.

7.      No bond is required to accompany this notice as it is being filed on behalf of the United States. *See* 28 U.S.C. § 2679(d)(2).

8.    A certified copy of this Notice of Removal is being filed in the Prothonotary's Office of the Court of Common Pleas of Delaware County, Pennsylvania and is being sent to all adverse parties pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, the United States hereby submits notice of removal of this action.

Dated: September 23, 2022                    Respectfully submitted,


                                             JACQUELINE C. ROMERO
                                             United States Attorney

                                             /s/ Susan R. Becker on behalf of
                                             GREGORY DAVID
                                             Assistant United States Attorney
                                             Chief, Civil Division

                                             _____
                                             STACEY L. B. SMITH
                                             Assistant United States Attorney
                                             615 Chestnut Street, Suite 1250
                                             Philadelphia, PA 19106
                                             Telephone: (215) 861-8348

                                             Email: Stacey.Smith@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date I caused a copy of the foregoing Notice of Removal and the exhibits attached thereto, which is available for viewing and downloading via the Court's ECF system, to be filed with the Clerk of Court via ECF, and I caused a copy of those documents to be sent by both first class and certified mail, postage paid, to:

> George A. Marinelli, Esq.
> AIVAZOGLOU & MIKROPOULOS
> 1425 Chester Pike
> Eddystone, PA 19022
> (610) 876-8880

Dated:  September 23, 2022

STACEY L.B. SMITH
Assistant U.S. Attorney

# Exhibit A

eme Court of Pennsylvania
**Court of Common Pleas**
**Civil Cover Sheet**

Delaware _____ **County**

| For Prothonotary Use Only: |
| --- |
| Docket No: |
| CV-2022 - 005254 |

*The information collected on this form is used solely for court administration purposes. This form does not
supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S**
**E**
**C**
**T**
**I**
**O**
**N**

**A**

**Commencement of Action:**
☒ Complaint      ☐ Writ of Summons      ☐ Petition
☐ Transfer from Another Jurisdiction      ☐ Declaration of Taking

| Lead Plaintiff's Name:<br>Anthony Lawler | Lead Defendant's Name:<br>Kyle Stancil |
| --- | --- |
| Are money damages requested? ☒ Yes   ☐ No | Dollar Amount Requested:<br>(check one)   ☒ within arbitration limits<br>☐ outside arbitration limits |
| Is this a *Class Action Suit*?   ☐ Yes  ☒ No | Is this an *MDJ Appeal*?   ☐ Yes  ☒ No |

Name of Plaintiff/Appellant's Attorney: _George Marinelli, Esquire_

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your
***PRIMARY CASE.*** If you are making more than one type of claim, check the one that
you consider most important.

**S**
**E**
**C**
**T**
**I**
**O**
**N**

**B**

**TORT** *(do not include Mass Tort)*
☐ Intentional
☐ Malicious Prosecution
☒ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability *(does not include mass tort)*
☐ Slander/Libel/ Defamation
☐ Other:

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other:
_____
_____

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional:
_____
_____

**CONTRACT** *(do not include Judgments)*
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other
_____
_____
☐ Employment Dispute:
   Discrimination
☐ Employment Dispute: Other
_____
_____
☐ Other:
_____
_____

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other:
_____

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other
_____
_____
☐ Zoning Board
☐ Other:
_____
_____

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations
   Restraining Order
☐ Quo Warranto
☐ Replevin
☐ Other:
_____
_____

*Updated 1/1/2011*

**AIVAZOGLOU & MIKROPOULOS**
BY: George A. Marinelli, Esquire
Attorney I.D. No.: 46947
1425 Chester Pike
Eddystone, PA 19022                     ATTORNEY FOR THE PLAINTIFF
(610) 876-8880

## IN THE COURT OF COMMON PLEAS OF
## DELAWARE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LAWLER | : | **CIVIL ACTION LAW** |
| 408 3rd Street | : | |
| Brookhaven, PA 19015 | : | |
| And | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **DOCKET NO.:** $CV-2022-005254$ |
| KYLE STANCIL | : | |
| 271 Ardmore Ave | : | |
| Lansdowne, PA 19050 | : | **Is this an Arbitration Matter? Yes** |
| And | : | |
| UNITED STATES POSTAL SERVICE | : | |
| 400 Edgmont Ave, | : | |
| Chester, PA 19013 | : | |
| And | : | |
| UNITED STATES OF AMERICA | : | |
| U.S. Department of Justice | : | |
| 950 Pennsylvania Avenue, NW | : | |
| Washington, DC 20530-0001 | : | |
| And | : | |
| DIONNE COBB | : | |
| 408 3rd Street | : | |
| Brookhaven, PA 19015 | : | |
| | : | |
| **Defendants** | : | |

## NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth

in the following pages, you must take action within twenty (20) days after this

complaint and notice are served, by entering a written appearance personally or by

attorney and filing in writing with the court your defenses or objections to the claims

set forth against you.  You are warned that if you fail to do so the case may proceed

without you and a judgment may be entered against you by the court without further

notice for any money claimed in the complaint or for any other claim or relief

requested by the plaintiff.  You may lose money or property or other rights

important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT

HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS

OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT HIRING A

LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO

PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL

SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
FRONT AND LEMON STREETS
MEDIA, PA 19063
(610) 566-6625

**AIVAZOGLOU & MIKROPOULOS**
BY: George A. Marinelli, Esquire
Attorney I.D. No.: 46947
1425 Chester Pike
Eddystone, PA 19022                          ATTORNEY FOR THE PLAINTIFF
(610) 876-8880

### IN THE COURT OF COMMON PLEAS OF
### DELAWARE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LAWLER | : | **CIVIL ACTION LAW** |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **DOCKET NO.:** $CV-2022-005254$ |
| KYLE STANCIL, ET. AL. | : | |
| | : | **Is this an Arbitration Matter? Yes** |
| **Defendants** | : | |

### CIVIL ACTION

1. Plaintiff, Anthony Lawler is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 408 3rd Street, Brookhaven, PA 19015.

2. Defendant, Kyle Stancil is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 271 Ardmore Ave, Lansdowne, PA 19050.

3. Defendant, United States Postal Service is a public utility conducting business within the Commonwealth, with a registered address of 400 Edgmont Ave, Chester, PA 19013.

4. Defendant, United States of America is a country of which the United States Postal Service is an agency, with an address of U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

5. Defendant, Dionne Cobb is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 408 3rd Street, Brookhaven, PA 19015.

6. At all times material to Plaintiff's cause of action, Defendants were the owners,

operators, possessors, maintainers, and/or in control of a certain motor vehicle, which was then and there being operated by the Defendants.

7. At all times material hereto, Defendants are believed to have been the owners, insurers, lessors, and/or parties that had an ownership, right, title, lease, and/or interest in a certain motor vehicle, which was then and there being operated by said Defendants.

8. All of the acts alleged to have been done or not to have been done by the Defendants were done or not done by said Defendants, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and on behalf of said Defendants.

9. On or about August 1, 2020, at approximately 12:00 PM, and at all times material hereto, Plaintiff, Anthony Lawler was a passenger in a motor vehicle operated by Defendant, Dionne Cobb, traveling West on Upland Avenue, at or near 601 Upland Avenue, in the City of Upland, in the County of Delaware, in the Commonwealth of Pennsylvania, when suddenly and without warning, a motor vehicle owned and operated by Defendant, United States Postal Service, and especially Defendant, Kyle Stancil, proceeding South from a parking lot, violently struck Defendant, Dionne Cobb's motor vehicle, causing the Plaintiff to sustain serious and painful injuries, as more fully set forth herein at length.

10. The accident, injuries, and damages sustained by the Plaintiff were caused by the carelessness and negligence of the Defendants generally and in the following particular respects in that they:

    a. Failed to regard the rights and safety of Plaintiff at the point aforesaid;

b.  Failed to have said motor vehicles under proper and adequate control;

c.  Operated said motor vehicles at a high and excessive rate of speed under the circumstances;

d.  Failed to pay attention in violation of 75 Pa. Cons. Stat. § 3714;

e.  Failed to make appropriate observations of traffic;

f.  Failed to slow, stop, swerve or take other appropriate evasive action to avoid a motor vehicle collision;

g.  Failed to slow down upon approaching Plaintiffs' vehicle;

h.  Failed to operate the motor vehicle at the time of the accident in a careful and prudent manner;

i.  Failed to keep a proper lookout;

j.  Failed to apply the brakes on the motor vehicle in sufficient time to avoid the collision;

k.  Violated the "Assured Clear Distance Rule";

l.  Failed to exercise reasonable care for the safety of the Plaintiffs;

m.  Failed to stop in violation of 75 Pa. Cons. Stat. § 3323;

n.  Collided with another motor vehicle lawfully traveling on the roadway;

o.  Acted in an otherwise negligent, careless manner without due regard and caution under the circumstances;

p.  Violated other Acts of the General Assembly of the Commonwealth of Pennsylvania, as well as local ordinances and regulations, concerning the operation of motor vehicle, including the Pennsylvania Motor Vehicle Code;

q.  Acted in an otherwise negligent, careless manner under the circumstances;

r. Was negligent at law; and

s. Was negligent per se.

## COUNT I

## PLAINTIFF, ANTHONY LAWLER v. DEFENDANTS
### (Negligence- Personal Injuries)

11. Plaintiff, Anthony Lawler incorporates herein by reference paragraphs one through seven (1-10) inclusively, as though same were fully set forth at length herein.

12. As a direct and proximate result of the carelessness and negligence of the Defendants, Plaintiff suffered severe and painful injuries to his  head, neck, right shoulder, right arm, back and right knee, extremities, and body, its bones cells, tissues, nerves, muscles, and functions, including, but not limited to, **acute post traumatic headache, sprain of cervical spine, pain in right elbow,  muscles spasm of back, pain in thoracic spine, sprain of the lumbar spine, pain in right knee, contracture in right knee,** aggravation and/or exacerbation of both known and unknown preexisting medical conditions, causing him great pain and suffering, some or all of which may be permanent in nature and may extend for an indefinite period of time into the future.

13. As a result of aforesaid, Plaintiff has undergone great physical pain and mental anguish and he will continue to endure the same, for an indefinite time in the future to his  great detriment and loss.

14. As a result of the aforesaid, Plaintiff has been unable to attend to his usual and daily duties and occupation, and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

15. As a result of the aforesaid, Plaintiff has suffered a loss and depreciation of his earnings and earning power and he will continue to suffer such loss and depreciation for an indefinite time in the future, to his great detriment and loss. Claim is also being made for impairment of future earning capacity and lost wages.

16. As a further result of the aforesaid, Plaintiff has been obliged to receive and undergo medical attention and care and to incur various expenses for the same and may be obliged to continue to undergo such medical care and to incur such medical expenses for an indefinite time in the future.

17. As a further result of the aforesaid Plaintiff has been prevented from and hindered in performing his customary duties, occupations, and activities, and he has been unable to enjoy the pleasures of life, all of which may continue for an indefinite time in the future.

**WHEREFORE**, Plaintiff, Anthony Lawler respectfully demands judgment in his favor and against the Defendants, in an amount not in excess of Fifty Thousand Dollars ($50,000.00), together with court costs, plus interest, attorneys' fees, and delay damages pursuant to Rule 238 of the Pa.R.C.P., and any other relief the Court deems appropriate.

## COUNT II

### PLAINTIFF v. DEFENDANTS, UNITED STATES POSTAL SERVICE AND UNITED STATES OF AMERICA
### (Negligent Entrustment/Vicarious Liability/Respondeat Superior)

18. Plaintiff incorporates herein by reference paragraphs one through seven (1-17) inclusively, as though same were fully set forth at length herein.

19. At all times material hereto, Defendants acted by and through their duly authorized agents, servants, and/or permissive users acting in the course and scope of their permissive use with and on behalf of said Defendants.

20. At all times material hereto, Defendants, and/or had reason to know, that their agent, servant and/or permissive user was unfit to safely and securely operate a motor vehicle.

21. The aforementioned accident, injuries, and damages sustained by Plaintiff, were caused by the direct and vicarious carelessness, negligence, gross negligence and/or recklessness of Defendants, both generally and in the following particular respects in that they:

    a.  Failed to properly train their agents, servants, and/or permissive users in the safe execution/performance of their duties to avoid personal injury to other individuals;

    b.  Failed to maintain proper and adequate control over said vehicle;

    c.  Permitted the negligent use of their vehicle;

    d.  Is vicariously liable for all of the negligent acts and/or omissions of their agents, servants, and/or permissive users occurring during the course and scope of their agency, service, and/or permissive use;

    e.  Failed to properly supervise their agents, servants, and/or permissive users in the operation of their vehicle;

    f.  Failed to use due care;

    g.  Was negligent at law; and

    h.  Was negligent per se.

22. As a direct and proximate result of the carelessness, gross negligence, recklessness, and

negligence of the Defendants, Plaintiff suffered severe and painful injuries.

**WHEREFORE**, Plaintiff, Anthony Lawler respectfully demands judgment in his favor

and against Defendants, in an amount not in excess of Fifty Thousand Dollars ($50,000.00), for

damages together with costs of suit, interest, and delay damages pursuant to Rule 238 of the

Pa.R.C.P., and any such other relief the Court deems just and proper under the circumstances.

AVAZOGLOU & MIKROPOULOS

Date: 7/21/22

George A. Marinelli, Esquire
Attorney for the Plaintiff

## **VERIFICATION**

*George Marinelli, Esquire,* verifies and says that he is an attorney-at-law in the offices of **AIVAZOGLOU & MIKROPOULOS,** that he is authorized to make this Verification , and, that the facts set forth in the foregoing Plaintiff's Civil Action are true and correct to the best of his knowledge, information, and belief. Same is also being executred pursuant to PA. R.C.P §1024 as Plaintiff's verification cannot be obtained within the time allowed for filing this Pleading.

This statement is made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 7/21/22

_____
George Marinelli, Esquire

**AIVAZOGLOU & MIKROPOULOS**
BY: George A. Marinelli, Esquire
Attorney I.D. No.: 46947
1425 Chester Pike
Eddystone, PA 19022                              ATTORNEY FOR THE PLAINTIFF
(610) 876-8880

## IN THE COURT OF COMMON PLEAS OF
## DELAWARE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LAWLER | : | **CIVIL ACTION LAW** |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **DOCKET NO.:** $CV$-2022- 005254 |
| KYLE STANCIL, ET. AL. | : | |
| | : | **Is this an Arbitration Matter? Yes** |
| **Defendants** | : | |

## PRAECIPE FOR ENTRY OF APPEARANCE

TO THE OFFICE OF JUDICIAL SUPPORT:

    Kindly enter my appearance on behalf of Plaintiff, Anthony Lawler in the above-captioned matter.

7/21/22
Date

George Marinelli, Esquire
Attorney for Plaintiff

Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY LAWLER,                          :
                                         :
            Plaintiff,                    :
                                         :   Civil Action No. _____
      v.                                  :
                                         :
KYLE STANCIL, *et al.*,                   :
                                         :
            Defendants.                   :
                                         :

## CERTIFICATION OF SCOPE OF EMPLOYMENT

I, JACQUELINE C. ROMERO, the undersigned United States Attorney, pursuant to the provisions of 28 U.S.C. § 2679(d) and by virtue of the authority vested in me by the Attorney General of the United States under 28 C.F.R. § 15.3(a), hereby certify that: (1) I have read the Complaint in this action; (2) I have reviewed information supplied to me by the United States Postal Service; and (3) to the best of my knowledge, information, and belief, based on information supplied to me in my official capacity, defendant Kyle Stancil is an employee of the United States, by and through the United States Postal Service, and was acting within the scope of his duties and employment at all times pertinent to the allegations relating to him in the Complaint.

Therefore, I have been authorized in my official capacity by the United States Department of Justice to so certify and move to substitute the United States of America pursuant to 28 U.S.C. § 2679 as to any and all tort claims raised against him in this action.

Dated: September 22, 2022

SUSAN BECKER    Digitally signed by
                SUSAN BECKER
                Date: 2022.09.22
                13:27:43 -04'00'

JACQUELINE C. ROMERO
United States Attorney

JS 44 (Rev. 10/20)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

ANTHONY LAWLER

**(b)** County of Residence of First Listed Plaintiff  Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
George A. Marinelli
Aivazoglou & Mikropoulos
1425 Chester Pike, Eddystone, PA 19022

### DEFENDANTS

UNITED STATES OF AMERICA, et al.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Stacey L.B. Smith, Assistant United States Attorney
615 Chestnut Street, Suite 1250, Philadelphia, PA 19130
Phone:  (215) 861-8348

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [x] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 790 Other Labor Litigation | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [x] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1346 (b)(1); 2679(d)(2).

Brief description of cause:
Motor vehicle accident between plaintiff, USPS vehicle and another defendant

### VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
50,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE  Brody
DOCKET NUMBER  22CV2924

DATE
Sep 22, 2022

SIGNATURE OF ATTORNEY OF RECORD
Stacey L.B. Smith

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: <ins>Nature of Suit Code Descriptions</ins>.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 408 3rd Street, Brookhaven, PA 19015 _____

Address of Defendant: _____ 400 Edgmont Ave., Chester, PA 19013 _____

Place of Accident, Incident or Transaction: _____ Upland Street and 6th Street, Upland PA _____

---

**RELATED CASE, IF ANY:**

Case Number: 22-cv-02924          Judge: ANITA B. BRODY          Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☑  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐  No ☑

I certify that, to my knowledge, the within case ☒ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/22/2022          *Must sign here*          93731

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
     *(Please specify):* _____ Federal Tort Claims Act _____

**B.    *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Stacey L B Smith _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 09/22/2022          *Sign here if applicable*          93731

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)